## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Newport News Division

| | |
|---|---|
| **Alexis Gonzalez**, <br><br> Plaintiff, <br><br><br> v. <br><br> **Custom Framing Enterprise LLC** <br> a Virginia limited liability company <br><br> Serve:  Marian Szwanczar, Registered Agent <br>    5005 82nd St. <br>    Hampton, VA 23605 <br><br> and **Marian Szwanczar** <br><br>     Defendants | JURY TRIAL DEMANDED <br><br><br> Case No.: 4:20-cv-116 |

## <u>COMPLAINT</u>

### Preliminary Statement

1. Plaintiff Alexis Gonzalez brings this suit against his former employers: Custom Framing Enterprise LLC ("Custom Framing") and Marian Szwanczar.

2. Mr. Gonzalez's claim arises from Defendants' failure to pay the overtime wages due to him under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219.

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (private right of action).

4.  This Court has personal jurisdiction over Defendant Custom Framing because (1) the company's principal place of business and registered office are located in Virginia; and (2) as Mr. Gonzalez's joint employer, the company's acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint.

5.  This Court has personal jurisdiction over Defendant Marian Szwanczar because (1) he is a Virginia resident; (2) he is a member of the Custom Framing LLC and conducted business in Virginia every day or almost every day that Mr. Gonzalez worked there; and (3) as Plaintiff's joint employer, his acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint.

6.  Venue is proper in the Eastern District of Virginia because (1) on information and belief, both Defendants reside in this district and (2) a substantial part of the events or omissions giving rise to this complaint occurred in this district. *See* 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 127(a).

7.  The Newport News Division is the proper division because Defendant Custom Framing Enterprise, LLC has its registered address in the City of Hampton, and because a substantial part of the events or omissions giving rise to this complaint occurred in this division. *See* Local Civil Rule 3.

## PARTIES

8.  Plaintiff Alexis Gonzalez is an adult resident of Virginia.

9.  Defendant Custom Framing Enterprise, LLC is a Virginia limited liability company. Its registered office is located at 5005 82nd St., Hampton, VA 23605. The company acts as a subcontractor, providing construction framing services for building projects in and

around Virginia's Tidewater region. The LLC's corporate existence was terminated on April 30, 2019 for failure to pay the annual registration fee.

10. Defendant Marian Szwanczar is an adult resident of Virginia. He is a member of the Custom Framing LLC.

11. On information and belief, the gross annual business volume of Custom Framing exceeded $500,000 at all relevant times.

12. On information and belief, at all relevant times, Custom Framing had at least two employees who handled goods that had been moved in interstate commerce.

## FACTS

### Mr. Gonzalez's Employment Generally

13. Mr. Gonzalez started working at Custom Framing around June 2017. He heard that Defendant Szwanczar was in need of workers, so he went to the company's warehouse, located near the border of Newport News and Hampton, Virginia, where Defendant Szwanczar also kept an office. Defendant Szwanczar offered Mr. Gonzalez a job then and there, and Mr. Gonzalez accepted.

14. Mr. Gonzalez worked at Custom Framing continually from around June 2017 to around December 6, 2019. He did not hold any other jobs during this time.

15. Mr. Gonzalez worked as a framing laborer. His duties included building walls, cutting and arranging plywood, and working with drywall.

16. Mr. Gonzalez did not supervise or otherwise oversee the work of any other employees of Custom Framing.

17. Mr. Gonzalez brought his own tape measure and hammer. All other tools and materials were provided by Defendants, or by the general contractor.

3

**Mr. Gonzalez's Hours of Work**

18. Mr. Gonzalez did not work a fixed schedule over the course of his employment; his hours varied according to the scale of the framing project.

19. Defendants tracked Mr. Gonzalez's hours using a punch clock, which was located at the Custom Framing warehouse.

20. Every two weeks, Defendant Szwanczar made a printout of Mr. Gonzalez's time records for that pay period and handed it to him along with his pay.

21. Mr. Gonzalez no longer has most of these time records, but the ones that he does have show that he worked at least 119 hours of overtime between August 26 and December 8 of 2019 alone.

22. Mr. Gonzalez estimates that he also worked overtime during at least the following approximate time periods:

    a. June 2017 – September 2017: 35–50 hours/week

    b. October 2017 – March 2018: 60 hours/week

    c. Mid-2018: 80 hours/week

    d. Winter 2018: 55–60 hours/week

    e. Early 2019: 70–80 hours/week

23. On information and belief, Mr. Gonzalez worked overtime in additional weeks throughout his employment.

**Defendants' Pay Practices**

24. When Mr. Gonzalez first started working for Defendants around June 2017, Defendants paid him $11 an hour.

25. Starting around March 2018, Defendants increased Mr. Gonzalez's pay to $12 an hour.

26. Starting around October 2018, Defendants increased Mr. Gonzalez's pay to $13 an hour.

27. Defendants paid Mr. Gonzalez every other Friday. Mr. Gonzalez received his wages directly from Defendant Szwanczar as cash in hand.

28. Defendants never paid Mr. Gonzalez a time-and-a-half overtime premium for the hours he worked beyond 40 in any workweek.

29. On information and belief, Defendants did not display or keep posted a notice in a conspicuous place explaining Mr. Gonzalez's overtime rights under the federal Fair Labor Standards Act.

30. On information and belief, Defendants made no effort to pay Mr. Gonzalez the legally-required overtime premium, even though he was plainly and obviously working overtime. On multiple occasions, Mr. Gonzalez heard his coworkers ask Defendant Szwanczar about receiving overtime pay. In response, Defendant Szwanczar would claim not to know what overtime was, or he would simply say that he did not pay overtime.

### Defendant Szwanczar's Involvement

31. Defendant Szwanczar is a member of the Custom Framing LLC, as well as its registered agent. On information and belief, he is the owner of Custom Framing.

32. Throughout Mr. Gonzalez's employment, Defendant Szwanczar controlled the day-to-day operation of Custom Framing.

33. Defendant Szwanczar hired Mr. Gonzalez and had the power to fire him.

34. Defendant Szwanczar set Mr. Gonzalez's initial pay rate, and he was the person who approved Mr. Gonzalez's two raises.

35. Mr. Gonzalez was supervised primarily by a Custom Framing supervisor. On information and belief, the supervisor carried out his duties under the direction of Defendant Szwanczar.

36. Defendant Szwanczar would visit Mr. Gonzalez's worksite at least once each day that Mr. Gonzalez was working there to make sure that things were going smoothly. Sometimes Defendant Szwanczar would stay for only a few minutes; other times he might spend most of the day there.

37. If Mr. Gonzalez's supervisor was unable to interpret the work plans or blueprints, Defendant Szwanczar would come and tell the workers what to do.

## CLAIMS

### Fair Labor Standards Act, 29 U.S.C. §§ 201–219

38. Mr. Gonzalez was Defendants' "employee" within the meaning of 29 U.S.C. § 203(e)(1) at all times relevant to this action.

39. Defendants were Mr. Gonzalez's "employers" within the meaning of 29 U.S.C. § 203(d) at all times relevant to this action.

40. Defendants "employed" Mr. Gonzalez within the meaning of 29 U.S.C. § 203(g) at all times relevant to this action.

41. Mr. Gonzalez was employed by Defendants in an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(b) at all times relevant to this action.

42. Defendants failed to pay Mr. Gonzalez one and one-half times the regular rate at which he was employed for the hours he worked beyond 40 in any workweek, thereby violating 29 U.S.C. § 207(a)(1).

## REQUESTED RELIEF

Wherefore, Mr. Gonzalez respectfully requests that this Court provide the following relief:

43. Declare that the statute of limitations for Mr. Gonzalez's FLSA claims was equitably tolled until he first learned that he was legally entitled to overtime under the FLSA. In the alternative, declare that Defendants' violations were "willful," such that a three-year statute of limitations applies under 29 U.S.C. § 255(a);

44. Award Mr. Gonzalez his actual damages in the amount of all unpaid overtime wages, jointly and severally against both Defendants, in an amount to be proved at trial, pursuant to 29 U.S.C. § 216(b);

45. Award Mr. Gonzalez additional liquidated damages in an amount equal to his actual damages, jointly and severally against both Defendants, pursuant to 29 U.S.C. § 216(b);

46. Award Mr. Gonzalez his costs and reasonable attorney's fees, jointly and severally against both Defendants, pursuant to 29 U.S.C. § 216(b); and

47. Any other relief this Court deems just and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                    Date: July 22, 2020
Nicholas Cooper Marritz (VA Bar No. 89795)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
T: (703) 778-3450
F: (703) 778-3454
E: nicholas@justice4all.org

*Counsel for Alexis Gonzalez*